**STATE, Plaintiff-Appellee, v. COX, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5751. Decided February 25, 1958.

180

Samuel L. Devine, Pros. Atty., John E. Compson, Albert G. Giles, Asst. Pros. Attys., Columbus, for plaintiff-appellee.

John M. Scott, Goldie K. Mayer, Columbus, for defendant-appellant.

## OPINION

By BRYANT, J.

Willard Cox, defendant-appellant herein, has appealed on questions of law from his conviction by a jury in Common Pleas Court of Franklin County on two counts of incest, contrary to §2905.07 R. C. The offense charged in the first count is alleged to have occurred on or about May 15, 1956 and the offense charged in the second count is alleged to have occurred on or about June 1, 1956. The indictment charged that Cox, a married man, on the days above set forth, committed incest with his thirteen-year-old daughter, knowing her to be such.

After being given the psychiatric examination required by §2947.25 R. C., and found to be sane, the trial court sentenced Cox to the Ohio Penitentiary on each of the two counts, the sentences to run concurrently. Inasmuch as §2951.04 R. C., denies probation to persons convicted of incest, Cox received the minimum permissible sentence.

As grounds for his appeal to this court, Cox makes the following two assignments of error:

"1. The judgment is against the weight of the evidence."

"2. Irregularities in the trial and proceedings wherein the prosecuting attorney was admonished by the court for his insinuations respecting the character and activities of the wife and her step-daughter."

We will first consider the so-called irregularities in the trial, which is assignment of error No. 2, supra. Two of the so-called irregularities involved questions which were asked but were unanswered and the third relates to a portion of the opening argument on behalf of the State. We are told in the brief filed on behalf of Cox that the stenographic record of these alleged irregularities appear in the bill of exceptions at pages 129, 148 and 157.

The first alleged irregularity (bill of exceptions, p. 129) occurred during the re-cross-examination of Cox by an Assistant Prosecuting Attorney. The questions objected to concerned the contents of a petition for divorce which Mrs. Cox had filed previously against Cox. The defendant had testified in substance that the ground for the divorce petition was failure to provide. The proceedings which ensued and to which defendant objected are as follows:

"Q. Let me ask if she didn't also accuse you of assault, beating her and the minor children?"

"MR. SCOTT: I object."

"THE COURT: No. I will sustain the objection. That is just an accusation. It is just like an indictment that is brought in by the grand jury, and they are not evidence. The jury will disregard the question."

The second alleged irregularity (bill of exceptions, p. 148) took place while Mrs. Lola Cox, wife of defendant, was on the witness stand as a defense witness and was being cross-examined by an Assistant Prosecuting Attorney. The proceedings objected to by the defendant are as follows:

"Q. Now, just one other question, Mrs. Cox. There is a charge pending against you for contributing across the street, concerning Marlene; is that right?"

"MRS. MAYER: I object."

"MR. SCOTT: And they wouldn't try it."

"THE COURT: It doesn't make any difference what the charge is. It is just like when we have an indictment in here. We know it is not evidence. Sure, they can charge people with anything, but that is not evidence, and let's not have anything about charging people with anything, unless you have something more to back it up, because in this Court we tell them that the indictment itself is not evidence, but only it is a charge, an accusation."

"MR. GILES: Well, if the Court please, the only purpose of that question was to show the interest this witness has in this case in testifying—"

The third and final irregularity was a statement contained in the opening argument on behalf of the prosecution and is set forth in the bill of exceptions, p. 157, as follows:

"MR. COMPSON: Remember this, Lola Cox is under a cloud in a charge made across the street for contributing to the delinquency of this stepdaughter."

"MRS. MAYER: Oh, I object."

"MR. SCOTT: Yes, we object to that."

"THE COURT: The jury will disregard that particular statement. That doesn't mean anything. You can charge people with anything you see fit, but it doesn't amount to anything until it is proved beyond a reasonable doubt."

"MR. COMPSON: I apologize, Your Honor."

"THE COURT: Yes, that is all right."

As to the first two claimed irregularities we note that they consist merely of questions which were not answered. We note also in both

cases that the court promptly sustained the objection to the question and no answer was given. As to the third alleged irregularity, the court sustained the objection and instructed the jury to disregard the statement and the Assistant Prosecuting Attorney apologized then and there to the court.

Whatever error there may have been in the two questions and the statement objected to was corrected by the prompt action of the court in sustaining the objection and we are unable to say the defendant was prejudiced thereby. But were these questions and the statement necessarily objectionable? It will be remembered that Mrs. Cox was called as a witness for the defense, and a fair reading of the testimony leads to only one conclusion that Mrs. Cox at one time concurred in her daughter's statement that Mrs. Cox held the hand of Marlene while Willard Cox committed or attempted to commit incest. It is true that at the trial in Common Pleas Court, Mrs. Cox denied the fact but she did not deny having previously joined in the sordid story told by Marlene Boring. The probation officers at the Juvenile Court support this interpretation.

There appears little doubt that previously Mrs. Cox filed suit for divorce against Cox. Counsel for Cox opened up the matter by questions asked of Mrs. Cox. She attempted to explain it by saying (bill of exceptions, p. 132) "when I was mad and brought these charges of abuse against my husband." On the next page she testified: "I just let my emotions fly away with me," stating she then went to the police.

At p. 135 of the bill of exceptions, Mrs. Cox testified: "I was going to sue for a divorce, because I was so mad that I didn't want any more to do with my husband."

We refer to the above quotations and others might be pointed out to show that counsel for the defendant went into the question of the divorce and the difficulties between Mr. and Mrs. Cox in the testimony of Mrs. Cox. Having opened the door wide upon direct examination by the defense witness we do not believe that the defendant can successfully complain when the State merely sought to further develop the same subject. But as pointed out above neither of the questions was answered and in all three cases the objections were sustained promptly, hence it is clear that no prejudicial error occurred. The second assignment of error must, therefore, be overruled.

The remaining error assigned is that the judgment is against the weight of the evidence. Marlene Boring testified fully and completely and if her testimony is to be believed, made a complete case for the prosecution. Cox on the other hand made a complete denial of the truth of the charge, taking the stand as a witness on his own behalf. The members of the jury saw as well as heard the various witnesses. The jury obviously accepted the story as told by Marlene Boring and rejected that told by Willard Cox. The jury had an absolute right to do so. Cox, while on the stand, volunteered the information that twice previously he had been convicted of felonies and had served terms of imprisonment therefor. While the previous convictions were no evidence of Cox's guilt on the charge of incest, the jury had a right to

take such convictions into account along with all the other facts and circumstances in determining the truth or falsity of Cox's story.

We cannot say as a matter of law that the evidence is insufficient to support the verdict of the jury. We conclude, therefore, that the first assignment of error is not well taken and must be overruled.

In the brief of defendant-appellant, an extract from the judge's charge to the jury is quoted and an objection thereto is registered. The language complained of makes reference to the biblical denunciation of incest. However, no error is assigned with reference to this particular matter and it would appear that defendant may not press for consideration matters not set forth in the assignment of errors.

For the reasons above set forth, both assignments of error must be overruled and the judgment of the court below affirmed.

PETREE, PJ, MILLER, J, concur.